IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| BENEFICIAL MUTUAL SAVINGS BANK | : | Civil Action |
| | : | No. 3:12-mc-00014-AWT |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELICA J. PHILIPPOPOULOS | : | |
| | : | |
| Defendant. | : | |
| _____: | | March 7, 2013 |

**BENEFICIAL MUTUAL SAVINGS BANK'S
MOTION TO COMPEL DEFENDANT'S
<u>COMPLIANCE WITH SUBPOENA AND FOR CIVIL CONTEMPT</u>**

Pursuant to Fed. R. Civ. P. 45(e), Beneficial Mutual Savings Bank ("Beneficial") files this motion to compel Defendant Angelica J. Philippopoulos ("Philippopoulos") to comply with the subpoena dated March 1, 2012, and appear for her deposition and produce documents requested by the subpoena, and in support thereof states as follows:

1. On September 18, 2008, Beneficial made a construction loan to Wilson Development Associates, LLC ("Wilson") in the principal amount of $12,375,000.00 (the "Loan") pursuant to the terms of certain loan agreements.

**ORAL ARGUMENT NOT REQUESTED**

1

2. In order to induce Beneficial to make the Loan to Wilson, Philippopoulos executed and delivered to Beneficial a Guaranty and Surety Agreement (the "Guaranty") under the terms of which she became the unlimited and unconditional surety for all obligations, indebtedness or liability of Wilson to Beneficial.  Also on September 18, 2008, Philippopoulos executed and delivered to Beneficial a Warrant of Attorney to Confess Judgment with respect to her obligations under the Guaranty.

3. On April 4, 2011, Beneficial confessed judgment against Philippopoulos in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 11-2348 (the "Eastern District Action") and judgment was entered in Beneficial's favor in the amount of $10,716,995.16, plus additional interest.

4. On or about January 23, 2012, Beneficial registered the judgment with the District Court of Connecticut.

5. Beneficial thereafter served a subpoena (the "Subpoena") upon Philippopoulos to appear for her deposition scheduled for March 21, 2012.  A true and correct copy of the Subpoena is attached to this motion as Exhibit "A" and made a part hereof.

6. The Subpoena also directed Philippopoulos to produce certain documents at her deposition.  *See* Exhibit "A".

7. On March 21, 2012, Philippopoulos failed to appear for her deposition and produce documents as required by the Subpoena. A true and correct copy of the statement placed on the record by Beneficial's counsel at the deposition is attached as Exhibit "B" and made a part hereof.

8. Instead, on March 20, 2012, the day before the scheduled deposition and almost a year after the entry of the judgment against her, Philippopoulos filed a motion in connection with

2

the Eastern District Action to strike and/or open the judgment.  Philippopoulos also filed with the Eastern District Court a motion for a protective order to preclude her deposition which was scheduled pursuant to the Subpoena issued by this Court, pending as determination of her motion to open and/or strike the judgment.

9.  By Order dated August 7, 2012, the United States District Court for the Eastern District of Pennsylvania denied Philippopoulos's motion to strike or open the confessed judgment.  A copy of the Order is attached as Exhibit "C".

10.  Efforts to reschedule Philippopoulos's deposition in accordance with the subpoena served upon her have been unsuccessful.

11.  Philippopoulos has failed to comply with the Subpoena without justification or excuse.

12.  Philippopoulos has not sought an order from this Court to quash or modify the Subpoena pursuant to Fed.R.Civ.P. No. 45(c)(1) or (3).

13.  Pursuant to Fed.R.Civ.P. No. 45(e), Philippopoulos may be held in contempt of court for having failed to comply with the Subpoena and appear for her deposition and produce documents requested by the Subpoena.

WHEREFORE, Beneficial requests that this Court enter an Order compelling Philippopoulos to appear for her deposition and produce all documents requested in conjunction therewith within ten (10) days of the Court's Order.

        WEIR & PARTNERS LLP

        By: s/ Susan Verbonitz
            Susan Verbonitz, *Pro Hac Vice*
            The Widener Building, Suite 500
            1339 Chestnut Street
            Philadelphia, PA 19107
            (215) 665-8181
            Fax: (215) 665-8464
            sverbonitz@weirpartners.com

        LEVETT ROCKWOOD P.C.

        By: s/Douglas R. Steinmetz
            Douglas R. Steinmetz,
            33 Riverside Avenue
            Westport, CT 06880
            (203) 222-0885
            Fax: (203) 226-8025
            dsteinmetz@levettrockwood.com

        *Attorneys for Beneficial Mutual Savings Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

| | |
|---|---|
| BENEFICIAL MUTUAL SAVINGS BANK : | Civil Action |
| : | No. 3:12-mc-00014-AWT |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ANGELICA J. PHILIPPOPOULOS : | |
| : | |
| Defendant. : | |

_____:

## **ORDER**

    AND NOW, this _____ day of _____, 2013, upon consideration of Plaintiff's motion for contempt and to compel Defendant's compliance with the subpoena referenced in said motion (the "Subpoena") and Defendant's response thereto, if any, and for good cause shown, it is hereby;

    ORDERED that Plaintiff's motion is granted.

    IT IS FURTHER ORDERED that Defendant Angelica J. Philippopoulos shall appear, without objections, for a deposition to be scheduled by Plaintiff within ten (10) days of the date of this Order on a date and time to be determined by Plaintiff and shall produce the documents requested in conjunction with the Subpoena at that deposition.

2

IT IS FURTHER ORDERED that, in the event that Defendant fails to comply with this Order, the Court may find Defendant to be in contempt of this Court and may impose further sanctions upon application.

BY THE COURT:

_____

J.

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 7, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

and by first class mail to:

Thomas D. Bielli, Esq.
O'Kelly Ernst Bielli & Wallen, LLC
1600 Market Street, 25th Fl.
Philadelphia, PA  19103

                                                  /s/  Douglas R. Steinmetz
                                                Douglas R. Steinmetz

242942.3