```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

BENEFICIAL MUTUAL SAVINGS BANK, :
:
    Plaintiff, :
:
v. :      CASE NO.  3:12mc14(AWT)
:
ANGELICA J. PHILIPPOPOULOS, :
:
    Defendant. :

<u>RULING ON PLAINTIFF'S MOTION</u>

Pending before the court is the plaintiff's "motion to compel defendant's compliance with subpoena and for civil contempt." (Doc. #9.)  The plaintiff seeks an order compelling the defendant to appear for a deposition and to produce documents requested in its subpoena.[1]  The motion to compel is granted as follows.

I.  <u>Background</u>

On April 4, 2011, the plaintiff obtained judgment against the defendant in the U.S. District Court for the Eastern District of Pennsylvania.  In January 2012, the plaintiff registered the judgment in the District of Connecticut, where the defendant resides, pursuant to 28 U.S.C. § 1963.  On March 2, 2012, the plaintiff served the defendant in hand with a subpoena commanding her to appear for a deposition on March 21, 2012 and to produce certain documents.  (Doc. #9, Ex. A.)  On March 20, 2012, the day

---

[1] Notwithstanding the caption of the plaintiff's motion, the plaintiff is not currently seeking an order finding the defendant in contempt.

before the deposition, the defendant filed a motion in the U.S. District Court for the Eastern District of Pennsylvania seeking to reopen the judgment and/or for a protective order to preclude her deposition. The defendant did not appear for the March 21, 2012 deposition. In August 2012, the U.S. District Court for the Eastern District of Pennsylvania denied the defendant's motions. (Doc. #9, Ex. C.)

On March 8, 2013, the plaintiff filed the instant motion. The plaintiff represents that it has made "repeated efforts to reschedule [defendant's] deposition through her counsel in the Eastern District Action" but its efforts have been unsuccessful. (Doc. #11 at 4.) The plaintiff states that further efforts to obtain the defendant's compliance are pointless and that the defendant is no longer represented by counsel. Despite notice and opportunity, the defendant has not filed any response to the motion. <u>See</u> D. Conn. L. Civ. R. 7(a) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . .").

II. <u>Discussion</u>

The plaintiff seeks to take a post-judgment deposition of the defendant and to obtain certain documents in aid of execution of its judgment. This is appropriate pursuant to Rules 69(a), 30 and 34 of the Federal Rules of Civil Procedure. The plaintiff's motion

to compel is therefore granted.  It is hereby ordered that the defendant shall appear for a deposition by no later than May 2, 2013 and produce the requested documents at that time.

If the defendant fails to comply, the court may impose sanctions, including imposition of monetary sanctions, pursuant to Fed. R. Civ. P. 37(b).  Although the court affords special solicitude to parties appearing pro se, see Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006), "all litigants, including pro ses, have an obligation to comply with court orders." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "When they flout that obligation they, like all litigants, must suffer the consequences of their actions."  Id.  See Bambu Sales v. Ozak Trading, 58 F.3d 849, 854 (2d Cir. 1995)("[D]iscovery orders are meant to be followed.  A party who flouts such orders does so at its peril.")  A district court may sanction a party who fails to comply with a court order. See Fed. R. Civ. P. 37(b)(2).  "[P]ro se litigants are not generally familiar with the procedures and practices of the courts. While they have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions."  Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990).  Accordingly, the defendant is cautioned that if she fails to comply with this court's order to

produce the requested documents and appear for a deposition by May 2, 2013, the court may impose sanctions, including the imposition of attorney's fees.

III. Conclusion

Accordingly, the defendant is ORDERED to produce the requested documents and appear for a deposition to be re-noticed by the plaintiff's counsel.

If the defendant fails to comply fully with this court's order, the plaintiff may request, by appropriate motion, that the court order her to appear before the court to show cause as to why she should not be held in contempt of court.

The plaintiff shall cause a copy of this order to be served on the defendant in hand.

SO ORDERED at Hartford, Connecticut this 8th day of April, 2013.

```
             _____/s/_____
             Donna F. Martinez
             United States Magistrate Judge
```